IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACK DANIEL JUSTICE, and ) | Case No. 07-40195-13-drd |
| MICHELLE ANDREA JUSTICE, ) | |
| ) | |
| Debtors. ) | |

ORDER GRANTING TRUSTEE'S MOTION TO AMEND CHAPTER 13 PLAN

Debtors Jack and Michelle Justice filed their Chapter 13 bankruptcy case on January 22, 2007. The Debtors are above-median debtors. As initially proposed and twice amended, the Debtors' plan provides for: (i) monthly payments of $707; (ii) the curing of a nearly $12,000 arrearage on the Debtors' residential mortgage through the plan payments; (iii) postpetition mortgage payments to be made to the mortgage holder directly; and (iv) a 55-month base plan. The Court initially confirmed the plan on July 19, 2007.

On January 29, 2008, the Debtors' mortgage lender moved for relief from stay based on postpetition defaults. The Debtors responded to that motion, admitting postpetition defaults, but asking that the motion be denied. On February 20, 2008, while the motion for relief from stay was pending, the Debtors filed another amendment to their plan, which reduced the plan payment to $342 per month and changed from a 55-month base plan to a 0% plan. The amendment provided that all other provisions of the confirmed plan were to remain unchanged. On March 12, 2008, with no objections, the Court confirmed the plan as amended on February 20, 2008. Meanwhile, on February 27, 2008, the Court entered an Order granting the mortgage holders' motion for relief from stay.

On August 1, 2009, the Chapter 13 Trustee filed a motion to amend the Debtors' plan

to a 55-month base plan because, based on the allowed claims filed in the case, the plan was running less than the sixty-month applicable commitment period for above-median debtors. The Debtors respond that, at the time their amended plan was confirmed on February 20, 2008, this Court was following the Bankruptcy Appellate Panel's decision in *In re Frederickson*,[1] which, as discussed below, essentially held that there was no applicable commitment period, in the sense of a plan's duration, for above-median debtors. Hence, the Debtors assert, the Trustee has no basis to require them to amend their plan to provide for a sixty-month applicable commitment period.

Under § 1329 of the Bankruptcy Code, a confirmed plan may be modified at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the trustee, or an allowed unsecured creditor.[2] Among other things, a plan may be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the plan" or to "extend or reduce the time for such payments."[3]

Although the issue is disputed, many courts hold that § 1329 permits modifications to a confirmed plan only when there has been a post-confirmation change in circumstances.[4]

---

[1] 375 B.R. 829 (B.A.P. 8th Cir. 2007).

[2] 11 U.S.C. § 1329(a).

[3] 11 U.S.C. § 1329(a)(1) and (2).

[4] *Cf., e.g., In re Murphy*, 474 F.3d 143, 149 (4th Cir. 2007) (holding that "the doctrine of res judicata prevents modification of a confirmed plan pursuant to §§ 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a 'substantial' and 'unanticipated' post-confirmation change in his financial condition") (*citing In re Arnold*, 869 F.2d 240 (4th Cir. 1989)); *In re Hoggle*, 12 F.3d 1008, 1011 (11th Cir. 1994) ("Congress designed

The Eighth Circuit has not directly faced the issue, but has, albeit in dicta, endorsed the notion that a substantial change in circumstances is required for a plan modification under § 1329(a).[5] I agree with those courts which have held that, "[t]o avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated substantial change in circumstances affecting the debtors' ability to pay."[6]

Hence, the question here is whether there has been a change in circumstances warranting an amendment to the Debtors' plan as presently confirmed. At the outset, the initial question is whether the plan may be amended based on a post-confirmation change in the law regarding the applicable commitment period.

Specifically, at the time the Court confirmed the Debtors' amendment of the 55-month base plan to a zero percent plan on March 12, 2008, this Court abided by the Bankruptcy Appellate Panel's decision in *In re Frederickson*,[7] which, in effect, held that above-median

---

§ 1329 to permit modification of a plan due to changed circumstances of the debtor unforseen at the time of confirmation."), *with Barbosa v. Soloman*, 235 F.3d 31, 38-41 (1st Cir. 2000) (rejecting the doctrine of res judicata as inconsistent with the language of § 1329)); *In re Witkowski*, 16 F.3d 739, 744-46 (7th Cir. 1994) (holding that § 1329, by its terms, does not provide for any threshold requirement to modify a bankruptcy plan).

[5] *See Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir. 1987) (affirming the bankruptcy court's confirmation of a plan, and stating that, if the objecting creditor could later show "a substantial change in [the debtor's] ability to pay," the creditor "may request modification of the plan.")

[6] *In re Ireland*, 366 B.R. 27, 33 (Bankr. W.D. Ark. 2007) (citations omitted). *See also* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.")

[7] 375 B.R. 829 (B.A.P. 8th Cir. 2007) (the Bankruptcy Appellate Panel for the Eighth Circuit affirmed the bankruptcy court's holding that a shorter plan period is permissible).

3

debtors are not bound by an applicable commitment period under § 1325(b) in the sense that they are required to make payments over sixty months. Subsequently, on October 27, 2008, the Court of Appeals for the Eighth Circuit reversed the BAP's decision in *Frederickson* and held that the applicable commitment period is a temporal requirement under § 1325(b).[8] It thus held that a plan may not propose a period shorter than the sixty-month applicable commitment period for above-median debtors.[9] Here, the Debtors assert that, despite the reversal of the BAP's *Frederickson* decision, it was the law at the time the Court confirmed the Debtors' amendment and the Court should apply that law to their plan now.

Generally speaking, a postconfirmation change of the law, even when the change is statutory, should not warrant an amendment to a confirmed plan. Moreover, the Eighth Circuit's reversal of the BAP's decision in *Frederickson* was not a true change in the law at all. Rather, the Eighth Circuit essentially said that the BAP incorrectly interpreted § 1325(b) by allowing above-median debtors to shorten the applicable commitment period. In other words, the Eighth Circuit's reversal of *Frederickson* was not a change in the law but was, instead, a clarification of what § 1325(b) has meant all along. Consequently, regardless of whether a Chapter 13 plan was filed before or after the Eighth Circuit's decision on October 27, 2008, a plan filed for an above-median debtor in the Eighth Circuit must propose a sixty-month applicable commitment period in order to comply with § 1325(b). This is true, *unless* such a plan proposing a shorter period can be given *res judicata* effect due to its being

---

[8] 545 F.3d 652 (8th Cir. 2008).

[9] *Id.* at 659-60.

4

confirmed.

Here, the Debtors' presently-confirmed plan provides for a zero percent payout to unsecured creditors and, based on the allowed claims in the case, will finish quicker than the sixty-month applicable commitment period. As stated, the issuance of the Eighth Circuit's *Frederickson* opinion is not a valid basis for an amendment. Instead, the Trustee asserts that the Debtors' surrender of their home, which results in the shortened plan life, constitutes a change in circumstance warranting an amendment to the plan. Because a significant arrearage was being paid through the plan, the surrender of the house would constitute such a change in circumstances warranting amendment. The Debtors contend, however, that they had surrendered their house *before* the February 20 plan was proposed and confirmed, so there is no postconfirmation change in circumstance based on the surrender.

As evidence of the preconfirmation surrender, the Debtors point to the fact that their mortgage lender moved for relief from stay before the Debtors filed their amended plan on February 20, 2008, and that that motion for relief was granted before the amended plan was confirmed on March 12. The Debtors say that they had, in fact, already surrendered the house when they filed their February 20 amendment, and they intended their February 20 plan to take that into account. Thus, under the BAP's *Frederickson* opinion, they fully intended to propose a plan with a shortened applicable commitment period.

However, the Trustee was unaware of the surrender, or of the Debtors' position as to what the plan was intended to mean, despite the pending motion for relief from stay. Pursuant to Local Rule 3086-1:

5

> If an order granting relief from the stay is entered, or if the stay otherwise is not in effect, the trustee shall continue to make payments pursuant to the terms of a confirmed plan . . . . Payments shall not cease until one of the following takes place: (1) An objection to that claim is filed and an order is entered directing the trustee to cease making payments on the claim, or (2) The claimant notifies the trustee that no further payments are owed on the claim . . . , or (3) An amended plan is filed and confirmed which specifically provides for no further payments to the claimant . . . .[10]

None of these three events took place when the February 20 plan was confirmed on March 12, 2008.[11] Consequently, the Trustee correctly continued to make the arrearage payments until sometime later when the mortgage lender returned the payments to the Trustee. In sum, after carefully reviewing the record in this case, I find that there was inadequate information available for the Trustee to know that the Debtors were surrendering the house, or that the payments on the arrearage were to stop, or that the Debtors intended to propose a plan with a shortened applicable commitment period at the time of confirmation. Hence, because the Trustee was not aware that the plan proposed a shortened applicable commitment period, he had no reason to object to the plan at the time.[12]

---

[10] Local Rules of Practice, United States Bankruptcy Court, Western District of Missouri, 3086-1.

[11] The plan amendment filed on February 20 says nothing at all about the arrearage; the Debtor has never objected to the mortgage holder's claim; and none of the documents relating to the motion for relief from stay make mention that ongoing plan payments are to cease.

[12] Because this Court was following the BAP's *Frederickson* opinion at that time, the Trustee may or may not have objected to the plan at the time, had he known of the proposed shortened applicable commitment period. However, because the Trustee was not aware of the intended effect of the plan at that time, he was denied the opportunity to object to the plan, and then, if his objection was overruled based on the BAP's decision, to seek an opinion overturning the BAP's *Frederickson* by appealing to the Eighth Circuit.

That being the case, I find that the Trustee's postconfirmation discovery of the surrender constitutes a changed circumstance warranting a plan amendment. Further, because § 1325(b) requires a sixty-month applicable commitment period for above median debtors, the Debtors must propose a plan with an applicable commitment period of sixty months.

ACCORDINGLY, the Trustee's Motion to Amend the Plan is GRANTED. Debtors are directed to file an amended plan, with an applicable commitment period of sixty months, within twenty days.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 10/13/09